# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## ETTER V. SCOTT.

### JUNE 19th, 1894.

1. JUDICIAL SALES—*Purchasers—Account of liens.*—Purchasers under decree should not be required to take or pay for the property where it had been thrice sold without an account of liens and the title is uncertain.
2. IDEM—*Rents and profits.*—Where the bill fails to allege, and it is not proved, that the rents and profits will not within five years discharge the liens : *held*, error to decree sale.
3. IDEM—*Previous sale.*—Purchasers at such sale should not be compelled to complete their purchase where the land has been previously sold in another suit, and neither the sale nor the decree therefor has been set aside.
4. IDEM—*Sale commissioner.*—Owner of half of the judgment, to satisfy which the suit is brought to sell land, *held* incompetent to act as commissioner to sell.

Appeal from two decrees of circuit court of Wythe, rendered at its September term, 1890, in the chancery causes styled Scott against Scott, and Painter against Scott, heard together. The decree being adverse to certain parties thereto, to wit: James A. Etter and G. R. Vaught, partners as Etter & Vaught, they appealed. Opinion states the case.

*James A. Walker* and *H. D. C. Buford*, for appellants.

*J. H. Fulton* and *C. B. Thomas*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The record in this case is compiled in such a confused manner, that the matter in controversy is arrived at with great difficulty.

The first step in the proceedings to be reviewed, was a bill filed at the August rules, 1884, by J. F. Scott against William M. Scott, charging that J. F. Scott had paid for William M. Scott, as his security, a judgment obtained by W. R. Horne against William M. Scott and J. F. Scott, which, at the time of payment, December 11, 1882, amounted to $346 88; that William M. Scott owned one acre of land, in Wythe county, upon which there was a still-house; that the said judgment, which he had paid as security for William M. Scott, was a lien on this land; and prayed for a sale of the land to satisfy the judgment assigned to him. The bill was taken for confessed, and at the September term, 1884, a decree was rendered to sell the said house and lot of the defendant, William M. Scott, without directing an account of liens, or the order of their priority, and appointing C. B. Thomas a special commissioner to make the sale. The said commissioner, Thomas, proceeded to sell the said house and land, on the 18th of November, 1884, and G. R. Vaught became the purchaser, at the price of $680, which sale and purchase was duly reported to the court, whereupon an upset bid was accepted from Eli C. Hale, of $900. No report is filed in the cause to show what was done, but a decree was entered at the September term, 1885, giving to James A. Etter the right to put in an upset bid of $1,000, but saying that the sale to said Hale, for the sum of $900, shall stand, unless James A. Etter complies with the terms of the decree allowing him to advance the bid $100. Whether Etter ever complied with the terms of this decree, does not appear; but, on the 8th of February, 1886, the said commissioner again offered the land for sale, and sold it to J. A. Etter and G. R. Vaught for the price of $1,000. This sale was confirmed at the March term, 1886; the said purchasers paying a small cash payment, and executing their notes, at six, twelve,

and eighteen months for the deferred instalments, with security. By the same decree, C. B. Thomas was directed to collect the said purchase-money bonds as they became due, and W. H. Bolling was appointed a commissioner to take an account of liens. This is the first order directing an account of liens, and this order was never executed. Receiver Thomas sued and obtained judgment for the purchase money, with interest and cost, aggregating $943 40. A *fi. fa.* on this judgment was returned, no property.

At the August rules, 1887, J. L. Painter filed his bill against William M. Scott to enforce the lien of a judgment in his favor which he had recovered on the 18th of March, 1875, for $192 50, with interest and costs. His bill avers that his said judgment is unpaid, and that one-half of it has been assigned to F. S. Blair; that the judgment debtor, William M. Scott, has no personal property; but that his said judgment is a lien upon the tract of land theretofore sold by C. B. Thomas, commissioner in the cause of Scott against Scott, to J. A. Etter and G. R. Vaught for the price of $1,000, of which sum they still owe the commissioner $900, with interest; that the plaintiff is entitled to condemn the said land for the satisfaction of his prior lien; and that the sale made by Commissioner Thomas to Etter and Vaught has never been complied with and is null and void. This bill was taken for confessed; and, at the September term, 1887, it was decreed that J. A. Etter and G. R. Vaught should, out of the unpaid purchase money due from them to C. B. Thomas, receiver in the cause of Scott against Scott, pay the Painter judgment, set out in the bill, one-half to complainant and one-half to F. S. Blair; in default of which F. S. Blair was appointed a commissioner to sell the land. At the same term of the court a decree was entered in the cause of Scott against Scott appointing C. B. Thomas a receiver, and ordering him to proceed, by suit or otherwise, to collect the purchase money due from Etter and Vaught. Thus rendering two decrees at the same term against the said Etter and Vaught

for the said purchase money, in favor of different parties, and no account of liens to enable them to know and to act intelligently as to whom they should pay.

On the 14th of November, 1887, F. S. Blair, commissioner, judgment creditor, and plaintiffs' attorney, all in one, sold the land, and J. A. Etter became the purchaser for the price of $400; which sale was confirmed at the March term, 1888, and F. S. Blair· was directed to collect the deferred instalments of the purchase money. At the December term, 1888, a decree was entered in the cause of Painter against Scott, releasing Etter and Vaught from their purchase of the land from C. B. Thomas, commissioner in the cause of Scott against Scott, and reciting that Etter had complied with the terms of the sale made to him by Blair, commissioner, and authorizing him to sue out a writ of possession; but at the same term this decree was set aside.

At the March term, 1889, the two causes of Scott against Scott, and Painter against Scott, were, for the first time, heard together; and on the motion of Eli Hale, leave was given to supply lost papers in the cause of Scott against Scott; and an order was entered setting aside both the sales theretofore made, and appointing W. E. Fulton, a commissioner, to take an account of liens.

At the September term, 1889, Eli C. Hale, C. B. Thomas, commissioner in Scott against Scott, and James F. Scott, filed a petition to rehear the decrees in the cause of Painter against Scott, rendered at the September term, 1887, and the decree rendered in the two causes heard together at the March term, 1889. They also ask that the decree setting aside the two former sales, be set aside, and all subsequent decrees thereto, and that Etter and Vaught be decreed to pay the balance of the money due on their purchase.

The report of William E. Fulton, commissioner of account of liens, was never confirmed, and is lost, and no copy is found in the papers. At the March term, 1890, J. A. Etter and G.

R. Vaught filed their petition, in which they set out all the proceedings had in the two causes of Scott against Scott, and Painter against Scott, and aver that, owing to the loss of the papers in the cause of Scott against Scott, they had been unable to know how the matter of the sales of the land actually stood; that no account of liens was ever taken before the sales were made, and the rights of creditors were unsettled; that from the loss of papers, and the fact that a second sale was decreed in the cause of Painter against Scott, they supposed that the previous sales were annulled and the purchasers released from their obligations thereunder; that owing to the long and entangled litigation the title to the property was unsettled and unsafe; and they prayed that the previous sales be declared off, and that accounts be taken, and for general relief. At the September term, 1890, the court dismissed their said petition, and decreed that they shall pay the balance of their purchase money under their purchase from C. B. Thomas, commissioner in the cause of Scott against Scott. From this decree they appeal.

The court erred in requiring the said Etter and Vaught to pay for the property, and take it as purchasers under a decree for sale rendered in the cause of Scott against Scott, when no account of liens was ever ordered or taken until the land had been sold three times, and the sale to them had been confirmed. And the account then ordered was never taken, and no information as to the liens or their priorities had ever been before the court in any manner. There is no allegation in the bill in either cause, and no information or evidence before the court that the rents and profits of the lands would not pay the liens in five years. In *Horton* v. *Bond*, 28 Gratt., 815, it is decided that "before there can be a decree for sale of land it must be made to appear, by the pleadings, by the admissions of the parties, by evidence or by report of a commissioner on inquiry ordered, that the rents and profits will not pay the judgment." See *Evarts* v. *Sanders*, 25 Gratt. ; *Effinger* v. *Kenney*, 79 Va.

The sale made by Commissioner Blair in the cause of Painter against Scott has never been set aside, nor has the decree under which he made the sale been set aside. The purchaser at that sale was J. A. Etter, for the price of $400, while the purchasers at the sale made by C. B. Thomas, commissioner in the cause of Scott against Scott, were Etter & Vaught for the price of $1,000. This alone constitutes a cloud upon the title which should be removed. It was error in the cause of Painter against Scott to appoint F. S. Blair, who was assignee and owner of one-half of the debt claimed in the bill, the commissioner to sell. His interest made him incompetent to act as commissioner of sale.

The whole proceedings are irregular and erroneous, from the first decree in the cause of Scott against Scott; and the appellants ought not to be compelled to pay their money and take a title beclouded by the errors and irregularities of the court caused by the judgment creditors in the conduct of their suits. The rights and interests of all parties demand that the whole proceedings in both causes be set aside, back to the bills, and the causes ordered to be properly matured, account of liens directed and taken, and such decree rendered as the evidence shall show to be proper.

Decrees reversed.